**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. 06-4131 (JAG) |
| v. | : | **ORDER** |
| | : | **CLOSED** |
| BRANDON S. BARE, CARLOS E. BARE, TAMMY A. NICHOLS, THE ESTATE OF TAMMY A. NICHOLS, WILLIAM NEVERETTE, and IRENE NEVERETTE, | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of Plaintiff, The Prudential Insurance Company of America ("Plaintiff"), for entry of a default judgment against Defendants Brandon S. Bare, Carlos E. Bare, and the Estate of Tammy A. Nichols (collectively the "Nonresponsive Defendants"), pursuant to FED. R. CIV. P. 55(b)(2). Defendants William Neverette and Irene Neverette have filed an answer. Plaintiff filed this interpleader action seeking to determine the rights of rival claimants to a life insurance policy owned by Nabila Bare. This Court grants Plaintiff's motion.

1

**I.     Legal Standard**

Rule 55(b)(2) states:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." U.S. v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district

court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. U.S., 323 U.S. 1, 65 (1944).

## II.     Jurisdiction

Before the entry of default judgment against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court has subject matter jurisdiction of this interpleader action, under 28 U.S.C. § 1335, because there is diversity of citizenship, pursuant to 28 U.S.C. § 1332, and because Prudential has in its custody proceeds on a life insurance policy in the amount of $500.00 or more.

This Court has personal jurisdiction over the Nonresponsive Defendants, because 28 U.S.C. § 2361 provides for nationwide service of process in actions brought pursuant to 28 U.S.C. § 1335. See 28 U.S.C. § 2361[1]; see NYLife Distrib., Inc. v. Adherence Group, Inc., 72

---

[1] 28 U.S.C. § 2361 states:

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or

F.3d 371, 375 (3d Cir. 1995).

## III.   Analysis

The Nonresponsive Defendants have failed to appear, or otherwise plead, in response to the Complaint, which was filed on August 31, 2006, and served on the Estate of Tammy A. Nichols on October 18, 2006, on Carlos E. Bare on October 20, 2006, and on Brandon S. Bare on December 13, 2006. Also, the Nonresponsive Defendants have failed to respond to the instant motion, filed on March 2, 2007. Ten months have passed since the filing of the Complaint, and four months have passed since the clerk's entry of default. Plaintiff submitted, on September 20, 2007, an affidavit certifying that the Nonresponsive Defendants are neither incompetent, nor infants. (Aff. of Seth Ptasiewicz at 2.) This Court, therefore, finds that default judgment is appropriate, under FED. R. CIV. P. 55(b)(2).

As this is an interpleader action, Defendants have not requested a specific amount of money. Therefore, the effect of this order is to forfeit the rights of the Nonresponsive Defendants to the proceeds of the insurance policy of Nabila Bare. For the reasons set forth above, and good cause appearing,

IT IS on this 28th day of September, 2007

ORDERED that Plaintiff's motion for entry of a default judgment (Docket Entry No. 20)

---

United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

is GRANTED; and it is further

ORDERED that a final judgment by default is hereby entered as to Defendants Carlos E. Bare, Brandon S. Bare, and the Estate of Tammy A. Nichols; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.